Case: 1:07-cv-06102 Document #: 25 Filed: 03/06/08 Page 1 of 4 PageID #:46

FILED
MARCH 6, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MJC

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARION McDANIEL GEORGE, ) | |
| ) | |
| Plaintiff, ) | No. 07 C 6102 |
| ) | |
| vs. ) | Judge Kendall |
| ) | Magistrate Judge Cole |
| CITY OF CHICAGO, ) | |
| A Municipal Corporation; and ) | Jury Demand |
| DENNIS CONNELLY, Star 1414, ) | |
| THOMAS McNICHOLAS, Star 278, ) | |
| CHARLES LONG, Star 1171, ) | |
| ANTHONY GRANAT, Star 18571, ) | |
| RAYMOND WILKE III, Star 5310, ) | |
| DENNIS NOTO, Star 12816, and ) | |
| Unknown Chicago Police Officers ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Plaintiff is a citizen of the United States, and a resident of Chicago, Illinois.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

8. On or about September 26, 2006, at about 9:30 a.m., Plaintiff was at her residence located at 9016 South Justine, Chicago.

9. At about this time, Plaintiff let her dogs out into her fenced-in backyard to go to the bathroom.

10. When Plaintiff opened the back door, she saw several Defendant-Officers standing inside her fenced backyard.

11. The Defendant-Officers had their guns drawn.

12. Plaintiff's dogs ran into the fenced backyard.

13. Defendant CONNELLY shot one of Plaintiff's dogs.

14. Plaintiff asked the Defendant-Officers why they were in her backyard and whether they had a warrant.

15. A Defendant-Officer stated: "We don't need a fucking warrant."

16. The Defendant-Officer stated that they were responding to calls of drug sales in the basement of Plaintiff's residence.

17. Plaintiff informed the Defendant-Officers that nobody lived in her basement, nobody was selling drugs from her basement, and if the police officers wanted to go into the basement all they had to do was ask.

18. A Defendant-Officer told Plaintiff that they had already been in her basement.

19. Previously, the Defendant-Officers had kicked-in the door to Plaintiff's basement and entered the basement without a search warrant, exigent circumstances, consent, or any other legal basis.

20. After the illegal entry, the Defendant-Officer searched Plaintiff's basement.

21. Defendant-Officers did not have a search warrant, consent, exigent circumstances, or any other legal justification to search Plaintiff's basement.

22. After Defendant CONNELLY shot Plaintiff's dog, Plaintiff's son took the dog to a veterinarian to be treated for the gunshot wound.

23. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

24. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including emotional distress, mental

anguish and humiliation, and special damages including medical expenses for her dog.

## COUNT I
### (42 U.S.C. § 1983 – Illegal Search of Home)

25. Plaintiff realleges paragraphs 1 through 24 as if fully set forth herein.

26. The Defendant-Officers did not have a search warrant, consent, exigent circumstances, or any other legal justification to enter Plaintiff's home.

27. The Defendant-Officers did not have a search warrant, consent, exigent circumstances, or any other legal justification to search Plaintiff's basement.

28. The actions of Defendant-Officers in searching Plaintiff's basement without any legal justification violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Unreasonable Seizure)

29. Plaintiff realleges paragraphs 1 through 24 as if fully set forth herein.

30. Plaintiff's dog did not present a danger to the Defendant-Officers.

31. Defendant CONNELLY did not have a lawful basis to seize and shoot Plaintiff's dog.

32. The actions of Defendant CONNELLY in seizing and shooting Plaintiff's dog without any legal justification or probable cause, violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant CONNELLY;

b) Award compensatory and punitive damages, as determined at trial;

  c)  Award attorneys' fees and costs;

  d)  Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

33. Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

34. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

35. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury.**

            Respectfully submitted,

            /s/ Louis J. Meyer
            *Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595